## Case No. 10,212.

### In re NEW YORK MAIL STEAMSHIP CO.

[3 N. B. R. 280 (Quarto, 73).] [1]

District Court, S. D. New York. 1869.

BANKRUPTCY—CLAIM FOR COUNSEL FEE—DIVIDEND.

1. Dividend was ordered on claims of certain lawyers for alleged professional services rendered bankrupt. *Held*, reference ordered to register to examine into the proof of such debts, and the register and assignee restrained from further proceedings until further order of the court.

2. Motion to vacate an order for a dividend may be made on proper papers and notice.

In bankruptcy.

[This case is first reported as heard upon the question of removal of one of the assignees. Case No. 10,209. It was then heard upon the matter of allowance of counsel fees. Id. 10,210. Counsel for the bankrupt claimed a lien on papers. Id. 10,211.]

BLATCHFORD, District Judge. In this case, an order must be entered in the usual form, referring it to the register in charge of the case to examine into the three proofs of debt filed by Horatio P. Allen, Marshall B. White, and others, and Brown, Hall & Vanderpoel, with a view to determine their validity and proper amount. It is impossible for me to determine, on the paper before me, whether the declaration of the dividend ordered at the second meeting of creditors, ought or ought not to be set aside, but the case is a proper one to restrain the register and the assignee from taking any further steps towards making or paying such dividends, until the further order of the court, with a view to give an opportunity to any person interested to apply to the court. on proper papers and proper notice, to vacate the order for the dividend.

[The case was finally heard upon the claim of petitioning creditor for allowance for counsel fees. Case No. 10,208.]

## Case No. 10,213.

### NEW YORK MAIL STEAMSHIP CO. v. The BALTIC.

[5 Int. Rev. Rec. 3.]

District Court, S. D. New York. 1867.

WHARFAGE—LIBEL IN REM—LOCAL LAW.

In admiralty.

J. T. Williams, for libelants.

Mann & Parsons, for respondents.

[1 [Reprinted by permission.]

The following is the substance of the opinion of SHIPMAN, District Judge: "This is a suit, in rem. against the steamship Baltic to enforce a claim for wharfage. The libelants allege that they are lessees of a dock in the city of New York, and that the Baltic occupied a berth thereat, at various times named, in pursuance of an agreement between her owners and her libelants. The particulars of the agreement are not set out, and the court is not informed whether or not there was a fixed rate of compensation agreed upon between the parties. If the rate of wharfage was specified in the agreement, that would end the case, even if she was a foreign ship, for no lien would attach, and of course no proceeding in rem can be maintained. Ex parte Lewis [Case No. 8,310]."

Judge SHIPMAN then says that the vessel being owned and registered in this port, wharfage, even granting that it is a lien upon the ship on the same ground as other necessaries, does not apply to this vessel. As to the claim that a lien is given by the local laws of this state, that is conceded; but that this lien can and ought to be enforced by this court is denied. After stating that the old rule, which he quotes, giving power to this court to enforce such a lien had been abrogated, and a new rule adopted, Judge SHIPMAN says: "The object of this alteration was to take away the power to enforce liens in rem, created by the local law, and resting upon that alone. The St. Lawrence, 1 Black [66 U. S.] 522. The libel should therefore be dismissed with costs. Let a decree be entered accordingly."